1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10   ESTABAN SANTOS, JR.,                    CASE NO. 17cv0854 JM(AGS)

11                              Plaintiff,   ORDER DENYING MOTIONS FOR
                                             SUMMARY JUDGMENT ON THE
12        v.                                 ADA CLAIM AS MOOT;
                                             DECLINING TO EXERCISE
13   WINREAL OPERATING CO., L.P;             JURISDICTION OVER STATE LAW
     and WINREAL, INC.,                      CLAIM
14
                              Defendants.
15

16        Plaintiff Estaban Santos, Jr. moves for summary judgment on all claims alleged

17   in his architectural barriers disability discrimination complaint.  Defendants Winreal

18   Operating Co., L.P. and Winreal, Inc. (collectively "Winreal") cross-move for summary

19   judgment.  All motions are opposed.  Pursuant to Local Rule 7.1(d)(1), the court finds

20   the matters presented appropriate for resolution without oral argument.  For the reasons

21   set forth below, the court denies the motions for summary judgment on the Americans

22   with Disabilities Act ("ADA") claim as moot, declines to exercise jurisdiction over the

23   Unruh Act claim, and instructs the Clerk of Court to dismiss the action without

24   prejudice and to close the file.

25                                **BACKGROUND**

26        Filed on February 2, 2018, the federal question First Amended Complaint

27   ("FAC") alleges two causes of action: violation of the ADA, 42 U.S.C. §12101 et seq.,

28   and violation of the Unruh Civil Rights Act, Cal. Civ. §51-53.  Plaintiff seeks an

injection to compel Winreal to comply with the ADA, statutory damages pursuant to the Unruh Act, and attorney's fees. Plaintiff's claims arise from architectural barriers he encountered when he attempted to visit a MetroPCS store in a shopping center owned by Winreal in El Centro, California. (FAC ¶¶8-11).

Plaintiff alleges that he encountered architectural barriers with respect to disability parking and the entrance door to the business. More specifically, Plaintiff alleges that the accessible parking space is non-compliant with the ADA because (1) the required "Minimum Fine $250 signage" is missing; (2) the tow-away sign is missing; (3) the sign in front of accessible parking space is too low; (4) there is no accessible parking space/access aisle; and (5) the slopes within previously designated accessible parking space and access aisle are too steep. With respect to the entrance door, Plaintiff alleges that the (1) entrance door is too narrow; (2) entrance door requires too much force to open; and (3) entry doors have non-compliant door handles. (FAC ¶¶3, 16, 17, 22-25, 29-31).

At the time of filing the cross-motions for summary judgment, the parties disputed whether Winreal had remedied the above identified architectural barriers. By the time of filing the reply briefs, each party represents that all deficiencies have been remedied.

## DISCUSSION

**The ADA Claim**

In light of the parties' representation that the alleged architectural barriers have been remedied and presently meet current accessibility standards, the court dismisses this claim with prejudice as moot. See United States v. Geophysical Corp. of Alaska, 732 F.2d 693, 698 (9th Cir. 1984).

**Supplemental Jurisdiction, The Unruh Act Claim**

This court is authorized by 28 U.S.C. §1367(a) to exercise supplemental jurisdiction over state law claims whenever the relationship between the federal and state claims is such that they "form part of the same case or controversy under Article

III of the United States Constitution." 28 U.S.C. §1367(a). However, 28 U.S.C. §1367(c) provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - -

> (3) the district court has dismissed all claims over which it has original jurisdiction.

28 U.S.C. §1367(c). As noted by the Supreme Court, supplemental "jurisdiction is a doctrine of discretion." City of Chicago v. International College of Surgeons, 522 U.S. 156, 172 (1997).

Here, the court has dismissed the federal ADA claim, the basis for original jurisdiction in federal court. Consequently, the court declines to exercise jurisdiction over the state law Unruh Act claim. See San Pedrio Hotel Co., Inc. v. City of Los Angeles, 159 F.3d 470. 478 (9th Cir. 1988) (district court not required to provide explanation when declining jurisdiction under 28 U.S.C. §1367(c)(3)).

In sum, the court denies the motion for summary judgment on the ADA claim as moot, and declines to exercise supplemental jurisdiction over the Unruh Act claim. The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: June 4, 2018

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties